UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ryan Patrick Nicholson, | Civil Action No.: 4:19-cv-03116-RBH-KDW |
| Plaintiff, | |
| v. | **ORDER** |
| R.C. Rhyne, T.R.P.; | |
| Pageland Police Department; | |
| Chesterfield County Sheriff's Department; | |
| South Carolina Highway Patrol; and | |
| State of South Carolina, | |
| Defendants. | |

This matter is before the Court for consideration of Plaintiff Ryan Patrick Nicholson's objection to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing one defendant from this action.[1] *See* ECF Nos. 17 & 19.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge authorized service of process on the four other defendants. *See* ECF No. 15.

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

Plaintiff, proceeding pro se,[2] filed this action alleging his constitutional rights were violated in connection with a September 7, 2019 traffic stop near Pageland, South Carolina. *See* ECF No. 1. He names five defendants: (1) a state trooper who allegedly "abducted" him (Defendant R.C. Rhyne), (2) the Pageland Police Department, (3) the Chesterfield County Sheriff's Department, (4) the South Carolina Highway Patrol, and (5) the State of South Carolina. The Magistrate Judge has entered an R & R recommending that the Court summarily dismiss the State of South Carolina because the Eleventh Amendment bars suit against this defendant. *See* ECF No. 17. Plaintiff has filed an objection to the R & R. *See* ECF No. 19.

---

[2] The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

"Because [Plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2) [and] 1915A, permitting sua sponte dismissal of complaints that fail to state a claim, do not apply. A court has, however, inherent authority to dismiss frivolous complaints." *Traywick v. MUSC*, 671 F. App'x 85, 86 (4th Cir. 2016) (internal citations omitted); *see generally Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

2

The Court agrees with the Magistrate Judge that the Eleventh Amendment bars Plaintiff's suit against the State of South Carolina. *See Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004) ("[A]n unconsenting State . . . is immune from suits by its own citizens."); *Pense v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 926 F.3d 97, 100 (4th Cir. 2019) (recognizing "an unconsenting State is immune from suits brought in federal courts by her own citizens"); *see also* S.C. Code Ann. § 15–78–20(e) (expressly reserving South Carolina's Eleventh Amendment immunity from suit in federal court). Accordingly, the Court will overrule Plaintiff's objection and dismiss the State of South Carolina from this action.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R & R [ECF No. 17], and **DISMISSES** Defendant State of South Carolina *without prejudice* and without issuance and service of process.[3]

**IT IS SO ORDERED.**

Florence, South Carolina
January 10, 2020

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge

---

[3] This case remains pending as to Defendants Rhyne, the Pageland Police Department, the Chesterfield County Sheriff's Department, and the South Carolina Highway Patrol. **However**, the Court notes the Chesterfield County Sheriff's Department and the South Carolina Highway Patrol are state agencies entitled to Eleventh Amendment immunity. The Magistrate Judge should address this matter in a future R & R. *See Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (stating Eleventh Amendment "immunity extends as well to state agencies and other government entities properly characterized as arms of the State" (internal quotation marks and brackets omitted)); *Cribb v. Pelham*, 552 F. Supp. 1217, 1219–20 (D.S.C. 1982) (holding the South Carolina Highway Patrol was immune from suit in federal court under the Eleventh Amendment), *aff'd*, 782 F.2d 1034 (4th Cir. 1985); *Abdulahad v. Chesterfield Cty. Sheriff's Dep't*, No. 4:06-cv-02642-TLW, 2008 WL 4442600, at *9 (D.S.C. Sept. 25, 2008) ("The Chesterfield County Sheriff's Department is immune from suit under the Eleventh Amendment. Sheriff's Departments in South Carolina are state agencies, not municipal departments.").