UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ryan Patrick Nicholson, | ) | Civil Action No.: 4:19-cv-03116-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pageland Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Pageland Police Department's ("PPD") motion for summary judgment. ECF No. 146. On April 1, 2022, United States Magistrate Judge Kaymani D. West issued a Report and Recommendation ("R & R") recommending that Defendant PPD's motion for summary judgment be granted. ECF No. 166. Plaintiff Ryan Patrick Nicholson timely filed objections to the Magistrate Judge's R&R on April 18, 2022. ECF No. 169. Defendant PPD filed a reply to Plaintiff's objections on April 28, 2022. ECF No. 171.

Plaintiff's case stems from a September 7, 2019 traffic stop at a public safety checkpoint in Pageland, South Carolina. Plaintiff originally asserted claims against Defendants Trooper R.C. Rhyne, Pageland Police Department, Chesterfield County Sheriff's Department, South Carolina Highway Patrol, and the State of South Carolina. Complaint, ECF No. 1. However, the State of South Carolina was summarily dismissed from this case on January 10, 2020. *See* ECF Nos. 17, 21. Trooper R.C. Rhyne, Chesterfield County Sheriff's Department, and the South Carolina Highway Patrol filed motions to dismiss, which were granted on September 1, 2020.[1] *See* ECF Nos. 76, 87.

---

[1] Plaintiff, who is not a prisoner, failed to file timely objections to the R&R recommending dismissal of Trooper R.C. Rhyne, Chesterfield County Sheriff's Department, and the South Carolina Highway. *See* ECF Nos. 87, 138. He has, therefore, waived any objection to the dismissal of these defendant.

The only remaining defendant is the Pageland Police Department ("PPD").

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Defendant PPD filed its motion for summary judgment on September 2, 2021. ECF No. 146. Defendant PPD argues that Plaintiff's claims of assault, battery, excessive force, kidnaping, and unlawful search and seizure solely arise from the actions of individual officers (who were not employees of the Town of Pageland or Pageland Police Department) during a traffic stop that occurred on September 7, 2019. [PPD's memorandum in support of motion for summary judgment,

2

ECF No. 146-1 at 8]. Defendant PPD argues that the individuals responsible for Plaintiff's arrest and alleged assault were employed by other agencies, not Defendant PPD. *See id*.; ECF No. 79-2 - Chesterfield County Sheriff's Office Incident Report. Defendant PPD argues that it is entitled to summary judgment as Plaintiff has failed to establish municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In response, Plaintiff does not point to a specific policy or custom per se, but makes the broad statement that the "official policy or custom of the police department . . . is the illegal stop, search and seizure without a victim or probable cause of a criminal offense or a warrant." [Plaintiff's response to motion for summary judgment and motion to dismiss, ECF No. 155]. According to the briefs, Plaintiff was stopped at a traffic safety checkpoint on suspicion of driving under the influence.

The Magistrate Judge recommended granting Defendant PPD's motion for summary judgment noting that according to the record before the Court, no PPD officers or agents were involved in Plaintiff's traffic stop and subsequent arrest. Finding that Plaintiff presented no genuine issue of material fact on this point, the Magistrate Judge found that Plaintiff had failed to establish an official policy or custom that resulted in the deprivation of Plaintiff's constitutional rights. As a result, the Magistrate Judge found that Plaintiff failed to establish municipal liability under *Monell* and Defendant PPD was entitled to summary judgment.

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff reiterates his arguments in opposition to the motion for summary judgment, and, without evidence, contends that Defendant PPD routinely holds check points, enters homes without warrants, makes stops without warrants, and therefore implements unconstitutional policies. Plaintiff argues that Defendant PPD fails to train its employees to respect the constitutional rights of people.

Plaintiff's bare allegations, however, are insufficient to defeat a motion for summary judgment. The record is devoid of any unconstitutional customs or policies of the Defendant PPD that would give rise to a claim of municipal liability under *Monell*. Further, there is no evidence before the Court that members of the PPD were directly involved in Plaintiff's traffic stop and subsequent arrest. Accordingly, Plaintiff's objections to the R&R are overruled and the Court adopts and incorporates the Magistrate Judge's R&R. Defendant PPD is entitled to summary judgment.[2]

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections [ECF No. 169] and **ADOPTS** the Magistrate Judge's R & R [ECF No. 166]. Defendant PPD's [ECF No. 146] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

June 15, 2022                                          s/ R. Bryan Harwell
Florence, South Carolina                        R. Bryan Harwell
                                                              Chief United States District Judge

---

[2] Plaintiff also makes a number of objections to non-dispositive orders of the Magistrate Judge, namely the denial of his motion to compel and motion to stay, *See* ECF No. 144, his motion to postpone proceedings, and motions for acceptance of fact, *See* 170. Plaintiff, however, has failed to establish the Magistrate Judge's orders were clearly erroneous or contrary to law. *See* Fed. R. Civ. P. Rule 72(a) Plaintiff's objections to these non-dispositive matters are overruled. Plaintiff's objection to the denial of his motion to vacate and the Court's refusal to allow a non-lawyer to submit pleadings on his behalf is also overruled/denied. Plaintiff has failed to point to any newly discovered evidence, a change in the law, or a manifest error of fact or law by the trial court. *See* Fed. R. Civ. P. 52(b).